NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAR 1 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

SAFEWAY, INC.,

          Petitioner,

  v.

NATIONAL LABOR RELATIONS
BOARD,

          Respondent,

UNITED FOOD AND COMMERCIAL
WORKERS UNION, LOCAL 5,

          Intervenor.

No.   20-71006
No.   20-71230

NLRB No.  20-CA-221482

MEMORANDUM[*]

On Petition for Review of an Order of the
National Labor Relations Board

Argued and Submitted February 8, 2021
San Francisco, California

Before: WARDLAW and BEA, Circuit Judges, and ROSENTHAL,[**] District
Judge.

     Safeway, Inc. ("Safeway") petitions for review of an order of the National

---

    [*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

    [**]    The Honorable Lee H. Rosenthal, Chief United States District Judge
for the Southern District of Texas, sitting by designation.

Labor Relations Board ("the Board"), and the Board cross-petitions for enforcement of the order. The Board determined that Safeway violated Section 8(a)(5) and (1) of the National Labor Relations Act ("NLRA") by failing to provide information requested by United Food and Commercial Workers Local 5, United Food and Commercial Workers, AFL-CIO ("the Union") for the purpose of investigating grievances alleging violations of the collective bargaining agreement ("CBA"). We have jurisdiction under 29 U.S.C. § 160(e) and (f). We deny Safeway's petition for review and grant the Board's cross-petition for enforcement.

1. An employer's duty to bargain collectively and in good faith under Section 8(a)(5) and (1) of the NLRA "includes a duty to provide relevant information needed by a labor union for the proper performance of its duties as the employees' bargaining representative." *Detroit Edison Co. v. NLRB*, 440 U.S. 301, 303 (1979); *see also* 29 U.S.C. § 158(a)(5), (1). Here, substantial evidence supports the Board's determination that the requested vendor contract between Safeway and Instacart was relevant to the Union's enforcement of its members rights under the CBA.

When a union requests information concerning non-union employees, such as the third-party contracts here, the union bears the burden of showing relevance to the labor dispute. *San Diego Newspaper Guild, Local No. 95 v. NLRB*, 548 F.2d 863, 867–68 (9th Cir. 1977). This burden is subject to "a liberal, 'discovery-type'

2

standard of relevancy." *Press Democrat Publ'g Co. v. NLRB*, 629 F.2d 1320, 1325 (9th Cir. 1980) (quoting *NLRB v. Acme Indus. Co.*, 385 U.S. 432, 437 (1967)); *see also Retlaw Broad. Co. v. NLRB*, 172 F.3d 660, 669 (9th Cir. 1999). A union need show only a "probability that the desired information was relevant, and that it would be of use to the union in carrying out its statutory duties and responsibilities," *Acme*, 385 U.S. at 437, including the duty to investigate grievances, *see id.* at 436–38; *NLRB v. Associated Gen. Contractors of Cal., Inc.*, 633 F.2d 766, 770 (9th Cir. 1980).

We give "great weight" to the Board's findings of relevance. *See San Diego Newspaper Guild*, 548 F.2d at 867. Applying the deference due the Board's determination, we uphold the Board's conclusion that the Union met its burden of demonstrating the contract was relevant to the resolution of its bargaining unit employees' grievances. The Union indicated to Safeway that it had witness accounts of Instacart employees seeming to perform bargaining-unit work in violation of the CBA. The Union explained that the requested contract would allow the Union to corroborate these accounts and determine whether the alleged violations were accidental and isolated or whether they were part of an intentional business plan. Thus, the Union demonstrated it was not merely speculating about "some unknown contract violation," *id.* at 868, and that the requested information would "aid" its investigation of the identified violations, *Associated Gen.*

3

*Contractors*, 633 F.2d at 772. Because the requested information was relevant, Safeway's refusal either to produce the information or to enter good-faith negotiations regarding confidentiality violated the NLRA. *See Retlaw*, 172 F.3d at 669–70.

2.     Safeway does not challenge the Board's finding that Safeway violated the NLRA by delaying its response to the Union regarding additional requested contracts with Boar's Head and DSD. Because Safeway does not challenge this finding, the Union is entitled to summary enforcement of the relevant portion of the order. *See, e.g.*, *Sparks Nugget, Inc. v. NLRB*, 968 F.2d 991, 998 (9th Cir. 1992).

Safeway's petition is **DENIED**, and the Board's petition for enforcement of its order is **GRANTED**.

4